NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE: MH2020-002064

No. 1 CA-MH 20-0045
FILED 3-2-2021

Appeal from the Superior Court in Maricopa County
No.  MH2020-002064
The Honorable Elisa C. Donnadieu, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Connelly Law Office PLLC, Mesa
By Lawton Connelly
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Tawn T. Kao
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

---

H O W E, Judge:

¶1          T.W. appeals the trial court's order that she complete both inpatient and outpatient treatment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In March 2020, T.W.'s sister applied for T.W.'s involuntary admission for an evaluation because T.W. had a mental disorder and was a danger to herself and others. Tarry Wolfe, a deputy medical director at an urgent psychiatric care facility, petitioned for a court-ordered evaluation alleging the same facts that T.W.'s sister had alleged in her application. Wolfe further alleged that T.W. had refused voluntary treatment, had a history of mental illness, was not taking her medication, and threatened to kill anyone who was homosexual. Wolfe recommended T.W.'s hospitalization.

¶3          That same month, Dr. Zhi Yuan Wu petitioned for court-ordered inpatient and outpatient treatment because T.W. was persistently or acutely disabled. Two affidavits from T.W.'s treating physicians supported the petition. In one affidavit, the treating physician attested that T.W. was a danger to herself and others and that T.W. had admitted that she was not eating, had not fed her children, and wanted to kill herself and everybody who was homosexual. Both physicians recommended inpatient treatment.

¶4          The court held a hearing on the petition for court-ordered treatment. Following the hearing, the court found, by clear and convincing evidence, that T.W. was persistently or acutely disabled and ordered that she complete both inpatient and outpatient treatment "not to exceed a total of 365 days." T.W. timely appealed.

¶5          After reviewing the record and the briefs, this Court stayed the appeal for 45 days and revested jurisdiction in the trial court so that T.W. could make a record on her ineffective assistance of counsel claim. *See In re MH2010–002637*, 228 Ariz. 74, 82–83 ¶ 33 (App. 2011) (remanding for

the trial court to consider appellant's ineffective assistance of counsel claim). This Court further ordered that the trial court send its findings immediately. After 45 days, this Court received no minute entry from the trial court, no update from the parties, and no request for an extension.

¶6        This Court then extended the stay one week and ordered that the parties update this Court on the trial court proceedings by January 20, 2021. On that date, T.W. moved this Court for a 45-day stay extension and moved the trial court to set an evidentiary hearing so she could make her ineffective assistance of counsel claim.

¶7        Based on the extension request, this Court ordered that the parties file supplemental briefs by January 28, 2021, addressing whether this appeal would become moot if a 45-day extension were granted in light of the expiration of the trial court's order on March 17, 2021. Because we determined that T.W.'s appeal would become moot if a 45-day extension were granted, this Court denied T.W.'s motion, lifted the stay, and considered the parties' original briefs in deciding this appeal.

## DISCUSSION

¶8        T.W. argues that trial counsel was ineffective because he did not schedule an independent evaluation, did not call any witnesses—aside from herself—at the hearing, did not interview any of her witnesses, and did not present her private medical records. T.W. contends that had trial counsel done so, she could have rebutted the allegations that she was persistently or acutely disabled. We review an ineffective assistance of counsel claim de novo but defer to the trial court's factual findings. *In re MH2010–002637*, 228 Ariz. at 78 ¶ 13.

¶9        T.W.'s ineffective assistance of counsel claim fails because she has not developed it. *See Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009). T.W. does not identify what witnesses trial counsel failed to interview, what those witnesses would have testified to, what her private medical records would have shown, or what an independent mental health evaluation would have shown. She further fails to show how the outcome of the proceedings would have changed had that evidence been presented. She merely concludes that the outcome would have been different. This Court further provided T.W. with an opportunity to make a record with the trial court and present this evidence, but she did not do so. As a result, T.W.'s ineffective assistance of counsel claim fails and the trial court did not err by ordering T.W. to complete inpatient and outpatient treatment.

## CONCLUSION

¶10      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA